**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA**

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) CASE NO.: **09-14820**-WSS-13 |
| **WILLIAM FORESTER** | ) |
| | ) |
| Debtor, | ) |
| | ) |

| | |
|---|---|
| **WILLIAM FORESTER,** | ) ADVERSARY PROCEEDING |
| | ) NUMBER: AP 10-00052 |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BAC Home Loans Servicing, L.P. f/k/a | ) |
| Countrywide Home Loans Servicing, L.P. | ) |
| And A through Z, being those persons or | ) |
| entities who are responsible for the | ) |
| wrongful acts and omissions alleged | ) |
| herein by whose names are not known to | ) |
| Plaintiffs, but will be supplied when | ) |
| ascertained, | ) |
| | ) |
| Defendants. | ) |

## MOTION FOR WITHDRAWAL OF REFERENCE

COMES NOW the debtor by and through his counsel of record, and hereby moves this

Court to withdraw the reference, of 28 U.S.C. § 157(a), pursuant to 28 U.S.C. § 157(d). In

support of this motion shows as follows:

     1.    The Debtor filed a Chapter 13 case on October 15th 2009.

     2.    This adversary proceeding was commenced by the Plaintiff/Debtor on May 19th

2010.

     3.    His Chapter 13 case was dismissed on February 23rd 2011.

     4.    The complaint alleges, among other things, that the defendant breached a loan

modification agreement it made with the debtor and engaged in debt collection practices that

violate 15 U.S.C § 1602 et seq., also known as the Federal Fair Debt Collection Practices Act. He seeks monetary damages and attorney's fees.

5.      28 U.S.C. § 157(b)(1) provides that bankruptcy judges "may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section . . . " 28 U.S.C. § 157(b)(2) includes a non-exclusive listing of core proceedings specifically within the jurisdiction of the bankruptcy court.

6.      Pursuant to 28 U.S.C. § 157(d), the district court has the discretion to withdraw a proceeding from the bankruptcy court upon a showing of cause.  Section 157(d) further provides that "[t]he district court **shall** on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." (Emphasis added).

7.      The Court is required to withdraw the reference in this case because the resolution of the debtor's claims requires consideration of non-bankruptcy related federal statutes. Moreover, even were the Court not required to withdraw the reference pursuant to § 157(d)'s mandatory withdrawal provision, withdrawal is compelled by the discretionary withdrawal provisions of § 157(d).

8.      Since the debtor's underlying chapter 13 case has been dismissed the Court's interests in promoting the efficient use of judicial resources and the resources of the parties are best served by the withdrawal of this matter and its orderly administration in the District Court.

9.      Further, upon withdrawal of the reference, the parties move the Court to hold a status conference so that this case can be fully discussed with the Court, including the parties' intentions and other scheduling matters.

WHEREFORE, the debtor moves this Court to withdraw the reference of 28 U.S.C. § 157(a) and to transfer this adversary proceeding to the United States District for the Southern District of Alabama.


s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr. (UNDEE6591)
Counsel for the Howards
UNDERWOOD & REIMER, P.C.
21 South Section Street
Fairhope, Alabama  36532
Tel:  251.990.5558
Fax:  251.990.0626
epunderwood@alalaw.com


## CERTIFICATE OF SERVICE

I hereby certify on March 1st 2011 that a true and correct copy of the above and foregoing was filed with the CM/ECF system which will cause a copy to be served on all counsel of record.


  _s\Earl P. Underwood, Jr._____
  OF COUNSEL

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In Re

WILLIAM JAMES FORESTER                              Case No. 09-14820-WSS-13

    Debtor.

WILLIAM J. FORESTER
    Plaintiff(s).

V.                                                  Adv. No.10-00052

BAC HOME SERVICING

    Defendant(s).


TO:   CHARLES R. DIARD, JR., CLERK                    mc 11-7-CG-B
        UNITED STATES DISTRICT COURT
        MOBILE, ALABAMA

    Transmitted with this communication is the Motion for Withdrawal of Reference

Pursuant to 28 U.S.C. Section 157 (d).  These documents will be filed electronically after the

opening of the case.



    Dated:  March 16, 2011


                         /s/ Karen J. Folds
                          Karen J. Folds
                          Deputy Clerk


cc:

**Earl P. Underwood, Jr.**      **James D. Patterson**
21 South Section Street        21 South Section Street
Fairhope, AL 36532-2106     Fairhope, AL 36532
Attorney for Plaintiff          Attorney for Plaintiff


**Kenneth S. Steely**         **Kirkland Reid**
254 State St.               254 State St.
Mobile, AL 36603          Mobile, AL 36603
Attorney for Defendant       Attorney for Defendant

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) CASE NO.: 09-14820-WSS-13 |
| **WILLIAM FORESTER** | ) |
| | ) |
| Debtor, | ) |
| | ) |

| | |
|---|---|
| **WILLIAM FORESTER,** | )ADVERSARY PROCEEDING |
| | )NUMBER: AP _____ |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BAC Home Loans Servicing, L.P. f/k/a | ) |
| Countrywide Home Loans Servicing, L.P. | ) |
| And A through Z, being those persons or | ) |
| entities who are responsible for the | ) |
| wrongful acts and omissions alleged | ) |
| herein by whose names are not known to | ) |
| Plaintiffs, but will be supplied when | ) |
| ascertained, | ) |
| | ) |
| Defendants. | ) |

## <u>COMPLAINT</u>

NOW COMES the debtor, William James Forester as plaintiff in this adversary proceeding and as his claims against the above-described Defendants, asserts as follows:

1.      This Court has jurisdiction of this adversary proceeding pursuant to 18 U.S.C. § 1334;

2.      This Proceeding to determine the value, extent and validity of a lien is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K);

3.      The defendant is a claimant in the above-styled case having filed a secured claim in the amount of $121,921.16.

## PARTIES

3.      Plaintiff is a natural person and adult resident of Mobile County, Alabama.

4.      Defendant BAC Home Loans Servicing, L.P. (hereinafter referred to as "BAC"), is a New York corporation, with its principal place of business in California.  BAC does business in the State of Alabama.

5.      Defendants A through Z are those persons or entities who are responsible for the wrongful acts and omissions alleged herein by whose names are not known to Plaintiffs, but will be supplied when ascertained.

## FACTUAL ALLEGATIONS

6.      On June 17, 2005, Plaintiffs obtained a real estate mortgage loan from Countrywide Home Loans, ("Countrywide").   That loan created a mortgage in favor of Countrywide on Plaintiffs' property located at 15030 Butler Road in Wilmer.   That mortgage and the associated promissory note was, upon information and belief, subsequently assigned to other entities.

7.      Initially, Countrywide serviced the mortgage.  Around 2008 the servicing of the mortgage was transferred to BAC.

8.      Sometime in late 2008, Plaintiffs were notified by BAC that they were in default of the mortgage.  Plaintiffs had fallen behind a few months on their loan and contacted BAC to discuss their options.

9.      In fact, Plaintiffs in January 2009 were offered a modification program by BAC called "The HomeSaver Advance".  This program was designed to take the past due payments

2

owed on the mortgage and place them into a 15 year payment plan.  This would be a separate payment which would be made at the same time as the regular monthly loan payment.

10.    The Plaintiff believing this would be in his and his family's best interest, agreed to the modification program.  He signed and sent in the required paperwork.  The payments on the loan were fixed at $33.07 a month starting in August, 2009.

11.    In March 2009, Plaintiff discovered that the modification had not been processed after receiving another "The HomeSaver Advance" packet which was identical to the previous documentation, except for a higher monthly payment.  Plaintiff contacted BAC and was told to sign and return this documentation and the program would start.  Plaintiff again signed the modification and sent in the required paperwork.

12.    On May 5th, 2009, Plaintiff received a notice of intent to accelerate from BAC stating that $7,169.70 was due to BAC immediately or the Plaintiff would face immediate foreclosure on his home.  Plaintiff was under the impression that after he sent in his second modification packet that he had been placed into "The HomeSaver Advance" modification program.

13.    Plaintiff contacted BAC and on or about June 12, 2009 received another "The HomeSaver Advance" modification packet.  Plaintiff contacted BAC and attempted to find out why another packet was sent.  Plaintiff received no definitive answer and once again to save his home, he again filled out the documentation and sent it in to BAC on June 22, 2009.

14.    On August 27, 2009, Plaintiff received a foreclosure notice from Sirote & Permutt representing BAC.  In instituting the foreclosure proceedings, BAC notified Plaintiffs that the

foreclosure sale would take place if the Plaintiffs did not pay $130,397.24 in lump sum to reinstate the mortgage.

15.     A foreclosure sale was scheduled to take place in September 2009.  Despite the information provided to BAC and Plaintiffs' pleas that they were not in default under the mortgage, and that they had provided the requested documentation under "The HomeSaver Advance" program, BAC refused to cancel the foreclosure sale.

16.     On October 15, 2009, Plaintiff was forced to initiate a bankruptcy proceeding to prevent the foreclosure sale.

17.     At all relevant times, Plaintiff has complied with the terms of his mortgage and the mortgage modification and BAC's actions in holding the Plaintiffs in default and initiating foreclosure proceedings are contrary to the terms of the mortgage, modified mortgage, promissory note and applicable law.

## COUNT I
## (WRONGFUL FORECLOSURE)

18.     The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

19.     The institution of foreclosure proceedings by BAC was wrongful.  The wrongful acts and omissions include, but are not limited to, the following: the institution of foreclosure proceedings when no default had occurred under the mortgage; the imposition of escrow-related charges when no escrow account existed; the ignoring of evidence provided by the Plaintiffs and information readily available to BAC which conclusively demonstrated that Plaintiffs were not in default; the communication of a false and grossly inflated reinstatement amount; and the failure to accept payments tendered by Plaintiffs.

4

20.     Plaintiffs have suffered damage as a proximate result of the wrongful foreclosure.

**WHEREFORE**, Plaintiffs request that this Court enter judgment against BAC for wrongful foreclosure and award them compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs.  Plaintiffs further request such other relief as the Court deems just and proper, the premises considered.

### COUNT II
### (WANTONNESS)

21.     The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

22.     The acts and omissions made by Defendant BAC in connection with its management of Plaintiffs' mortgage loan account and the purported foreclosure sale all constitute wantonness and were made with a wanton, reckless or conscious disregard for the Plaintiffs' rights and welfare.

23.     Plaintiffs have suffered damage as a proximate result of the Defendant's wantonness.

**WHEREFORE**, Plaintiffs request that this Court enter a judgment against Defendant BAC for wantonness and award Plaintiffs compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs.  Plaintiffs further request such other relief as the Court deems just and proper, the premises considered.

### COUNT III
### (NEGLIGENCE)

24.     The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

5

25.     The acts and omissions made by Defendant BAC in connection with their management of the Plaintiffs' account and the conducting of the purported foreclosure sale constitute negligence.

26.     Plaintiffs have suffered damage as a proximate result of the Defendant's negligence.

**WHEREFORE**, Plaintiffs request that this Court enter a judgment against Defendant BAC for negligence and award them compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs. Plaintiffs further request such other relief as the Court deems just and proper, the premises considered.

## <u>COUNT IV</u>
### (BREACH OF MORTGAGE AGREEMENT)

27.     The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

28.     The acts and omissions made by Defendant BAC in connection with management of the Plaintiffs' account and the conducting of the purported foreclosure sale constitute a breach of the Plaintiffs' mortgage agreement.

29.     Plaintiffs have suffered damage as a proximate result of the Defendant's breach.

**WHEREFORE**, Plaintiffs request that this Court enter a judgment against Defendant BAC for breach of the mortgage and award them compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs.  Plaintiffs further request such other relief as the Court deems just and proper, the premises considered.

6

## COUNT V
## (BREACH OF FIDUCIARY DUTY)

30.     The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

31.     Defendants BAC and A owed Plaintiffs an implied fiduciary duty of fairness and good faith as to all aspects of the mortgage agreement, including the exercise of any power of sale clause contained in the mortgage.

32.     The acts and omissions made by Defendant BAC, acting as agent for Defendant A, in connection with the management of the Plaintiffs' account and the conducting of the purported foreclosure sale contrary to the terms of the mortgage, as modified, constitute a breach of Defendants' implied duty of fairness and good faith.  The trust imposed upon Defendants by Plaintiffs and by operation of law and equity has been breached by the acts and omissions of Defendants' as alleged herein, and Plaintiffs have been damaged as a result of said breach.

**WHEREFORE**, Plaintiffs request that this Court enter a judgment against Defendants BAC and A for breach of their duties owed to Plaintiffs and declare that the purported foreclosure sale be set aside as void and of no effect. Plaintiffs also request that this Court award them compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs, and punitive damages.  Plaintiffs further request such other relief as the Court deems just and proper, the premises considered.

_____
**James D. Patterson (PATT6485)**
**Underwood & Riemer, P.C.**
**166 Government Street, Suite 100**
**Mobile, AL 36602**
**Telephone: 251-432-9212**
**Facsimile: 251-433-7172**
**Email: jpatterson@alalaw.com**

7

**PLEASE SERVE DEFENDANT BY CERITIFIED MAIL AS FOLLOWS:**

BAC Home Servicing
c/o C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

8

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) CASE NO.: 09-14820-WSS-13 |
| WILLIAM FORESTER | ) |
| | ) |
| Debtor, | ) |
| | ) |

_____

| | |
|---|---|
| WILLIAM FORESTER, | )ADVERSARY PROCEEDING |
| | )NUMBER: AP 10-00052 |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BAC Home Loans Servicing, L.P. f/k/a | ) |
| Countrywide Home Loans Servicing, L.P. | ) |
| And A through Z, being those persons or | ) |
| entities who are responsible for the | ) |
| wrongful acts and omissions alleged | ) |
| herein by whose names are not known to | ) |
| Plaintiffs, but will be supplied when | ) |
| ascertained, | ) |
| | ) |
| Defendants. | ) |

### THIRD AMENDED COMPLAINT

NOW COMES the debtor, William James Forester as plaintiff in this adversary proceeding and as his claims against the above-described Defendants, asserts as follows:

1.      This Court has jurisdiction of this adversary proceeding pursuant to 18 U.S.C. § 1334;

2.      This Proceeding to determine the value, extent and validity of a lien is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K);

3.      The defendant is a claimant in the above-styled case having filed a secured claim in the amount of $121,921.16.

## PARTIES

4.      Plaintiff is a natural person and adult resident of Mobile County, Alabama.

5.      Defendant BAC Home Loans Servicing, L.P. (hereinafter referred to as "BAC"), is a New York corporation, with its principal place of business in California.  BAC does business in the State of Alabama.

6.      Defendants A through Z are those persons or entities who are responsible for the wrongful acts and omissions alleged herein by whose names are not known to Plaintiffs, but will be supplied when ascertained.

## FACTUAL ALLEGATIONS

7.      On June 17, 2005, Plaintiff obtained a real estate mortgage loan from Countrywide Home Loans, ("Countrywide").   That loan created a mortgage in favor of Countrywide on Plaintiff's property located at 15030 Butler Road in Wilmer.

8.      Countrywide serviced the mortgage until sometime in 2008 when the servicing of the mortgage was transferred from Countrywide to BAC.  At that time the Plaintiff was behind on his loan payments.

9.      Sometime in late 2008, Plaintiff was notified by BAC that he was in default of the mortgage.  Plaintiff contacted BAC to discuss his options as he had fallen behind several months on the loan payments.

10.     In fact, Plaintiff in January 2009 was offered a modification program by BAC called "The HomeSaver Advance".  This program was designed to take the past due payments owed on the mortgage and place them into a 15 year payment plan.  This would be a separate payment which would be made at the same time as the regular monthly loan payment.

2

11.     The Plaintiff believing this would be in his and his family's best interest, agreed to the modification program.  He and his wife signed and sent in the required paperwork.  The payments on the loan were fixed at $33.07 a month starting in August, 2009.

12.     In March 2009, Plaintiff discovered that the modification had not been processed after receiving another "The HomeSaver Advance" packet which was identical to the previous documentation, except for a higher monthly payment.  Plaintiff contacted BAC and was told to sign and return this documentation and the program would begin immediately.  Plaintiff and his wife again signed the modification and sent in the required paperwork.

13.     On May 5th, 2009, Plaintiff received a notice of intent to accelerate from BAC stating that $7,169.70 was due to BAC immediately or the Plaintiff would face immediate foreclosure on his home.  Plaintiff assumed that after he sent in the second modification packet that the loan had been placed into "The HomeSaver Advance" modification program.

14.     On or about June 12, 2009 received another "The HomeSaver Advance" modification packet.  Plaintiff contacted BAC and attempted to find out why another packet was sent.  Plaintiff received no definitive answer and once again to save his home, he and his wife again filled out the documentation and sent it in to BAC on June 22, 2009.

15.     On August 27, 2009, Plaintiff received a foreclosure notice from Sirote & Permutt representing BAC.  In instituting the foreclosure proceedings, BAC notified the Plaintiff that the foreclosure sale would take place if the Plaintiff did not pay $130,397.24 in a lump sum to reinstate the mortgage.

16.     A foreclosure sale was scheduled to take place in September 2009.  Despite the information provided to BAC and Plaintiff's pleas that he was not in default under the mortgage,

3

and that he had provided the requested documentation under "The HomeSaver Advance" program, BAC refused to cancel the foreclosure sale.

17.     On October 15, 2009, Plaintiff was forced to initiate a bankruptcy proceeding to prevent the foreclosure sale.

18.     At all relevant times, Plaintiff has complied with the terms of this mortgage and the mortgage modification and BAC's actions in holding the Plaintiff in default and initiating foreclosure proceedings are contrary to the terms of the mortgage, modified mortgage, promissory note and applicable law.

## COUNT I
### (WRONGFUL FORECLOSURE)

19.     The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

20.     The institution of foreclosure proceedings by BAC was wrongful.  The wrongful acts and omissions include, but are not limited to, the following: the institution of foreclosure proceedings when no default had occurred under the mortgage; the imposition of escrow-related charges when no escrow account existed; the ignoring of evidence provided by the Plaintiffs and information readily available to BAC which conclusively demonstrated that Plaintiffs were not in default; the communication of a false and grossly inflated reinstatement amount; and the failure to accept payments tendered by Plaintiffs.

21.     Plaintiffs have suffered damage as a proximate result of the wrongful foreclosure.

**WHEREFORE**, Plaintiffs request that this Court enter judgment against BAC for wrongful foreclosure and award them compensatory damages, including damages for mental

anguish and emotional distress; and punitive damages, plus interest and costs.  Plaintiffs further request such other relief as the Court deems just and proper, the premises considered.

## COUNT II
### (WANTONNESS)

22.     The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

23.     The acts and omissions made by Defendant BAC in connection with its management of Plaintiffs' mortgage loan account and the purported foreclosure sale all constitute wantonness and were made with a wanton, reckless or conscious disregard for the Plaintiffs' rights and welfare.

24.     Plaintiffs have suffered damage as a proximate result of the Defendant's wantonness.

**WHEREFORE**, Plaintiffs request that this Court enter a judgment against Defendant BAC for wantonness and award Plaintiffs compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs.  Plaintiffs further request such other relief as the Court deems just and proper, the premises considered.

## COUNT III
### (NEGLIGENCE)

25.     The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

26.     The acts and omissions made by Defendant BAC in connection with their management of the Plaintiffs' account and the conducting of the purported foreclosure sale constitute negligence.

27.     Plaintiffs have suffered damage as a proximate result of the Defendant's negligence.

**WHEREFORE**, Plaintiffs request that this Court enter a judgment against Defendant BAC for negligence and award them compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs. Plaintiffs further request such other relief as the Court deems just and proper, the premises considered.

## <u>COUNT IV</u>
### (BREACH OF MORTGAGE AGREEMENT)

28.     The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

29.     The acts and omissions made by Defendant BAC in connection with management of the Plaintiffs' account and the conducting of the purported foreclosure sale constitute a breach of the Plaintiffs' mortgage agreement.

30.     Plaintiffs have suffered damage as a proximate result of the Defendant's breach.

**WHEREFORE**, Plaintiffs request that this Court enter a judgment against Defendant BAC for breach of the mortgage and award them compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs.  Plaintiffs further request such other relief as the Court deems just and proper, the premises considered.

## <u>COUNT V</u>
### (FDCPA Violation)

31.     Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

6

32.   This is a claim asserted against BAC for violations of the FDCPA.

33.   Defendant BAC is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

34.   Defendant has violated the FDCPA in connection with its attempts to collect the account against Plaintiff.  Defendant's violations include, but are not limited to, failing to comply with the requirements of 15 U.S.C. 1692g(a).

35.   As a result of its violations of the FDCPA, BAC is liable to Plaintiff for declaratory judgment that BAC violated the FDCPA, actual damages, statutory damages, plus costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant BAC for the following:

A.   Statutory damages pursuant to 15 U.S.C. 1692k;

B.   Declaratory judgment that Defendant's conduct violated the FDCPA;

C.   Costs and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k; and

D.   Such other and further relief as this Court deems just and proper, the premises considered.

<u>**COUNT VI**</u>
**(BREACH OF FIDUCIARY DUTY)**

36.   The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

37.   Defendants BAC and A owed Plaintiffs an implied fiduciary duty of fairness and good faith as to all aspects of the mortgage agreement, including the exercise of any power of

7

sale clause contained in the mortgage.

38.     The acts and omissions made by Defendant BAC, acting as agent for Defendant A, in connection with the management of the Plaintiffs' account and the conducting of the purported foreclosure sale contrary to the terms of the mortgage, as modified, constitute a breach of Defendants' implied duty of fairness and good faith.  The trust imposed upon Defendants by Plaintiffs and by operation of law and equity has been breached by the acts and omissions of Defendants' as alleged herein, and Plaintiffs have been damaged as a result of said breach.

**WHEREFORE**, Plaintiffs request that this Court enter a judgment against Defendants BAC and A for breach of their duties owed to Plaintiffs and declare that the purported foreclosure sale be set aside as void and of no effect. Plaintiffs also request that this Court award them compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs, and punitive damages.  Plaintiffs further request such other relief as the Court deems just and proper, the premises considered.

Dated on this day, May 25th, 2010.

                                                s/James D. Patterson
                                                **James D. Patterson (PATT6485)**
                                                **Underwood & Riemer, P.C.**
                                                **166 Government Street, Suite 100**
                                                **Mobile, AL 36602**
                                                **Telephone: 251-432-9212**
                                                **Facsimile: 251-433-7172**
                                                **Email: jpatterson@alalaw.com**


**PLEASE SERVE DEFENDANT AS FOLLOWS:**

BAC Home Servicing
c/o C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF ALABAMA**

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) CASE NO.: 09-14820-WSS-13 |
| **WILLIAM FORESTER** | ) |
| | ) |
| Debtor, | ) |
| | ) |

_____

| | |
|---|---|
| **WILLIAM FORESTER,** | )ADVERSARY PROCEEDING |
| | )NUMBER: AP 10-00052 |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BAC Home Loans Servicing, L.P. f/k/a | ) |
| Countrywide Home Loans Servicing, L.P. | ) |
| And A through Z, being those persons or | ) |
| entities who are responsible for the | ) |
| wrongful acts and omissions alleged | ) |
| herein by whose names are not known to | ) |
| Plaintiffs, but will be supplied when | ) |
| ascertained, | ) |
| | ) |
| Defendants. | ) |

## THIRD AMENDED COMPLAINT

NOW COMES the debtor, William James Forester as plaintiff in this adversary proceeding and as his claims against the above-described Defendants, asserts as follows:

1. This Court has jurisdiction of this adversary proceeding pursuant to 18 U.S.C. § 1334;

2. This Proceeding to determine the value, extent and validity of a lien is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K);

3. The defendant is a claimant in the above-styled case having filed a secured claim in the amount of $121,921.16.

## PARTIES

4.     Plaintiff is a natural person and adult resident of Mobile County, Alabama.

5.     Defendant BAC Home Loans Servicing, L.P. (hereinafter referred to as "BAC"), is a New York corporation, with its principal place of business in California.  BAC does business in the State of Alabama.

6.     Defendants A through Z are those persons or entities who are responsible for the wrongful acts and omissions alleged herein by whose names are not known to Plaintiffs, but will be supplied when ascertained.

## FACTUAL ALLEGATIONS

7.     On June 17, 2005, Plaintiff obtained a real estate mortgage loan from Countrywide Home Loans, ("Countrywide").  That loan created a mortgage in favor of Countrywide on Plaintiff's property located at 15030 Butler Road in Wilmer.

8.     Countrywide serviced the mortgage until sometime in 2008 when the servicing of the mortgage was transferred from Countrywide to BAC.  At that time the Plaintiff was behind on his loan payments.

9.     Sometime in late 2008, Plaintiff was notified by BAC that he was in default of the mortgage.  Plaintiff contacted BAC to discuss his options as he had fallen behind several months on the loan payments.

10.     In fact, Plaintiff in January 2009 was offered a modification program by BAC called "The HomeSaver Advance".  This program was designed to take the past due payments owed on the mortgage and place them into a 15 year payment plan.  This would be a separate payment which would be made at the same time as the regular monthly loan payment.

2

11.     The Plaintiff believing this would be in his and his family's best interest, agreed to the modification program.  He and his wife signed and sent in the required paperwork.  The payments on the loan were fixed at $33.07 a month starting in August, 2009.

12.     In March 2009, Plaintiff discovered that the modification had not been processed after receiving another "The HomeSaver Advance" packet which was identical to the previous documentation, except for a higher monthly payment.  Plaintiff contacted BAC and was told to sign and return this documentation and the program would begin immediately.  Plaintiff and his wife again signed the modification and sent in the required paperwork.

13.     On May 5th, 2009, Plaintiff received a notice of intent to accelerate from BAC stating that $7,169.70 was due to BAC immediately or the Plaintiff would face immediate foreclosure on his home.  Plaintiff assumed that after he sent in the second modification packet that the loan had been placed into "The HomeSaver Advance" modification program.

14.     On or about June 12, 2009 received another "The HomeSaver Advance" modification packet.  Plaintiff contacted BAC and attempted to find out why another packet was sent.  Plaintiff received no definitive answer and once again to save his home, he and his wife again filled out the documentation and sent it in to BAC on June 22, 2009.

15.     On August 27, 2009, Plaintiff received a foreclosure notice from Sirote & Permutt representing BAC.  In instituting the foreclosure proceedings, BAC notified the Plaintiff that the foreclosure sale would take place if the Plaintiff did not pay $130,397.24 in a lump sum to reinstate the mortgage.

16.     A foreclosure sale was scheduled to take place in September 2009.  Despite the information provided to BAC and Plaintiff's pleas that he was not in default under the mortgage,

3

and that he had provided the requested documentation under "The HomeSaver Advance" program, BAC refused to cancel the foreclosure sale.

17.     On October 15, 2009, Plaintiff was forced to initiate a bankruptcy proceeding to prevent the foreclosure sale.

18.     At all relevant times, Plaintiff has complied with the terms of this mortgage and the mortgage modification and BAC's actions in holding the Plaintiff in default and initiating foreclosure proceedings are contrary to the terms of the mortgage, modified mortgage, promissory note and applicable law.

## COUNT I
### (WRONGFUL FORECLOSURE)

19.     The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

20.     The institution of foreclosure proceedings by BAC was wrongful.  The wrongful acts and omissions include, but are not limited to, the following: the institution of foreclosure proceedings when no default had occurred under the mortgage; the imposition of escrow-related charges when no escrow account existed; the ignoring of evidence provided by the Plaintiffs and information readily available to BAC which conclusively demonstrated that Plaintiffs were not in default; the communication of a false and grossly inflated reinstatement amount; and the failure to accept payments tendered by Plaintiffs.

21.     Plaintiffs have suffered damage as a proximate result of the wrongful foreclosure.

**WHEREFORE**, Plaintiffs request that this Court enter judgment against BAC for wrongful foreclosure and award them compensatory damages, including damages for mental

anguish and emotional distress; and punitive damages, plus interest and costs.  Plaintiffs further request such other relief as the Court deems just and proper, the premises considered.

## COUNT II
### (WANTONNESS)

22.     The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

23.     The acts and omissions made by Defendant BAC in connection with its management of Plaintiffs' mortgage loan account and the purported foreclosure sale all constitute wantonness and were made with a wanton, reckless or conscious disregard for the Plaintiffs' rights and welfare.

24.     Plaintiffs have suffered damage as a proximate result of the Defendant's wantonness.

**WHEREFORE**, Plaintiffs request that this Court enter a judgment against Defendant BAC for wantonness and award Plaintiffs compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs.  Plaintiffs further request such other relief as the Court deems just and proper, the premises considered.

## COUNT III
### (NEGLIGENCE)

25.     The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

26.     The acts and omissions made by Defendant BAC in connection with their management of the Plaintiffs' account and the conducting of the purported foreclosure sale constitute negligence.

5

27.     Plaintiffs have suffered damage as a proximate result of the Defendant's negligence.

**WHEREFORE**, Plaintiffs request that this Court enter a judgment against Defendant BAC for negligence and award them compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs. Plaintiffs further request such other relief as the Court deems just and proper, the premises considered.

<u>**COUNT IV**</u>
**(BREACH OF MORTGAGE AGREEMENT**)

28.     The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

29.     The acts and omissions made by Defendant BAC in connection with management of the Plaintiffs' account and the conducting of the purported foreclosure sale constitute a breach of the Plaintiffs' mortgage agreement.

30.     Plaintiffs have suffered damage as a proximate result of the Defendant's breach.

**WHEREFORE**, Plaintiffs request that this Court enter a judgment against Defendant BAC for breach of the mortgage and award them compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs.  Plaintiffs further request such other relief as the Court deems just and proper, the premises considered.

<u>**COUNT V**</u>
**(FDCPA Violation)**

31.     Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

32.     This is a claim asserted against BAC for violations of the FDCPA.

33.     Defendant BAC is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

34.     Defendant has violated the FDCPA in connection with its attempts to collect the account against Plaintiff.  Defendant's violations include, but are not limited to, failing to comply with the requirements of 15 U.S.C. 1692g(a).

35.     As a result of its violations of the FDCPA, BAC is liable to Plaintiff for declaratory judgment that BAC violated the FDCPA, actual damages, statutory damages, plus costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant BAC for the following:

A.     Statutory damages pursuant to 15 U.S.C. 1692k;

B.     Declaratory judgment that Defendant's conduct violated the FDCPA;

C.     Costs and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k; and

D.     Such other and further relief as this Court deems just and proper, the premises considered.

<u>**COUNT VI**</u>
**(BREACH OF FIDUCIARY DUTY)**

36.     The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

37.     Defendants BAC and A owed Plaintiffs an implied fiduciary duty of fairness and good faith as to all aspects of the mortgage agreement, including the exercise of any power of

7

sale clause contained in the mortgage.

38.    The acts and omissions made by Defendant BAC, acting as agent for Defendant A, in connection with the management of the Plaintiffs' account and the conducting of the purported foreclosure sale contrary to the terms of the mortgage, as modified, constitute a breach of Defendants' implied duty of fairness and good faith.  The trust imposed upon Defendants by Plaintiffs and by operation of law and equity has been breached by the acts and omissions of Defendants' as alleged herein, and Plaintiffs have been damaged as a result of said breach.

**WHEREFORE**, Plaintiffs request that this Court enter a judgment against Defendants BAC and A for breach of their duties owed to Plaintiffs and declare that the purported foreclosure sale be set aside as void and of no effect. Plaintiffs also request that this Court award them compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs, and punitive damages.  Plaintiffs further request such other relief as the Court deems just and proper, the premises considered.

Dated on this day, May 25th, 2010.

/s/James D. Patterson
**James D. Patterson (PATT6485)**
**Underwood & Riemer, P.C.**
**166 Government Street, Suite 100**
**Mobile, AL 36602**
**Telephone: 251-432-9212**
**Facsimile: 251-433-7172**
**Email: jpatterson@alalaw.com**

**PLEASE SERVE DEFENDANT AS FOLLOWS:**

BAC Home Servicing
c/o C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

8

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **IN THE MATTER OF:** | ) | |
| | ) | |
| **WILLIAM FORESTER,** | ) **CASE NO. 09-14820-WSS-13** | |
| | ) | |
| **Debtor** | ) | |

---

| | | |
|---|---|---|
| **WILLIAM FORESTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **AP. NO.: 10-00052** |
| **v.** | ) | |
| | ) | |
| **BAC HOME LOANS SERVICING, L.P.** | ) | |
| **f/k/a Countrywide Home Loans Servicing,** | ) | |
| **L.P. and A through Z, being those persons** | ) | |
| **or entities who are responsible for the** | ) | |
| **wrongful acts and omissions alleged** | ) | |
| **herein by whose names are not known to** | ) | |
| **Plaintiffs, but will be supplied when** | ) | |
| **Ascertained,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER OF DEFENDANT BAC HOME LOANS SERVICING, L.P., TO THIRD AMENDED COMPLAINT

COMES NOW, BAC Home Loans Servicing, L.P., (hereinafter "BAC" or Defendant"),

Defendant in the above-referenced adversary proceeding, and as its answer to the Plaintiff's

Third Amended Complaint, avers as follows:

1.  Admit.

2.  Admit.

3.  Admit.

## PARTIES

4.      BAC is without sufficient information to admit or deny the allegations in this paragraph.

5.      Admit that BAC does business in Alabama.

6.      The allegations in this numbered paragraph are not directed towards BAC and therefore do not require a response by BAC.

## FACTUAL ALLEGATIONS

7.      Admit.

8.      Admit.

9.      Admit that BAC notified Plaintiff that he was in default on the subject mortgage. BAC denies the remaining allegations in this numbered paragraph and demands strict proof thereof.

10.      Admit only that BAC offered the Plaintiff a loan modification program.  BAC denies the remaining allegations in this numbered paragraph and demands strict proof thereof.

11.      Denied and Defendant demands strict proof thereof.

12.      Denied and Defendant demands strict proof thereof.

13.      Admit only that BAC sent the Plaintiff a notice of intent to accelerate the subject mortgage.  BAC denies the remaining allegations in this numbered paragraph and demands strict proof thereof.

14.      Denied and Defendant demands strict proof thereof.

15.      Admit only that BAC's counsel sent a foreclosure notice to Plaintiff.  BAC denies the remaining allegations in this numbered paragraph and demands strict proof thereof.

16.    Admit that a foreclosure sale was scheduled.   BAC denies the remaining allegations in this numbered paragraph and demands strict proof thereof.

17.    BAC denies the remaining allegations in this numbered paragraph and demands strict proof thereof.

18.    Denied and Defendant demands strict proof thereof.

## COUNT I

## WRONGFUL FORECLOSURE

19.    Defendant adopts and realleges all defenses, denials, and averments contained in the preceding numbered and unnumbered paragraphs as if fully set forth herein.

20.    Denied and Defendant demands strict proof thereof.

21.    Denied and Defendant demands strict proof thereof.

All allegations and averments contained in the WHEREFORE paragraph are denied and Defendant demands strict proof thereof.  Defendant further denies that Plaintiff is entitled to the relief requested, or any other relief.

## COUNT II

## WANTONNESS

22.    Denied and Defendant demands strict proof thereof.

23.    Denied and Defendant demands strict proof thereof.

24.    Denied and Defendant demands strict proof thereof.

All allegations and averments contained in the WHEREFORE paragraph are denied and Defendant demands strict proof thereof.  Defendant further denies that Plaintiff is entitled to the relief requested, or any other relief.

## COUNT III

## NEGLIGENCE

25.     Denied and Defendant demands strict proof thereof.

26.     Denied and Defendant demands strict proof thereof.

27.     Denied and Defendant demands strict proof thereof.

All allegations and averments contained in the WHEREFORE paragraph are denied and Defendant demands strict proof thereof.  Defendant further denies that Plaintiff is entitled to the relief requested, or any other relief.

## COUNT IV

## BREACH OF MORTGAGE AGREEMENT

28.     Denied and Defendant demands strict proof thereof.

29.     Denied and Defendant demands strict proof thereof.

30.     Denied and Defendant demands strict proof thereof.

All allegations and averments contained in the WHEREFORE paragraph are denied and Defendant demands strict proof thereof.  Defendant further denies that Plaintiff is entitled to the relief requested, or any other relief.

## COUNT V

## FDCPA VIOLATION

31.     Denied and Defendant demands strict proof thereof.

32.     Denied and Defendant demands strict proof thereof.

33.     Denied and Defendant demands strict proof thereof.

34.     Denied and Defendant demands strict proof thereof.

35.     Denied and Defendant demands strict proof thereof.

## COUNT VI

## BREACH OF FIDUCIARY DUTY

36.     Denied and Defendant demands strict proof thereof.

37.     Denied and Defendant demands strict proof thereof.

38.     Denied and Defendant demands strict proof thereof.

All allegations and averments contained in the WHEREFORE paragraph are denied and Defendant demands strict proof thereof.  Defendant further denies that Plaintiff is entitled to the relief requested, or any other relief.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a cause of action against the Defendant for which relief may be granted.

2.     The claims of the Plaintiff are barred by the doctrine of res judicata, estoppel and/or laches.

3.     The Plaintiff has failed to satisfy any conditions precedent to maintaining this action.

4.     Plaintiff's claims are barred or diminished by Defendant's right to set-off and/or recoupment.

5.     At all times relevant hereto, Defendant acted in good faith, reasonably, justifiably, pursuant to Defendant's lawful rights, and with due care and diligence and without malice or intent to injure Plaintiffs.

6.     The Defendant denies that its actions were the proximate cause of any injuries or damages suffered by the Plaintiff.

7.      The Defendant contests the nature and amount of damages sought in the Complaint.

8.      The Defendant asserts that the Plaintiff's claims for damages are barred or must be reduced because the Plaintiff has failed to mitigate his damages as required by the law.

9.      Defendant pleads the affirmative defenses of laches, statute of frauds, statute of limitations, unclean hands, estoppel, repose, res judicata, release, waiver, illegality, accord and satisfaction, parol evidence, payment, and collateral estoppel.

10.     Plaintiff's claims are barred by the doctrine of *in pari delicto*.

11.     Plaintiff's claims are barred by assumption of the risk.

12.     Plaintiff's claims are barred by his voluntary and binding agreement to the terms and conditions of the note and mortgage at issue.

13.     Plaintiff's claims are barred because he has accepted the benefit of the transaction at issue.

14.     To the extent Plaintiff has suffered any damages, such damages were caused by, and are the responsibility of persons, parties, and/or entities other than BAC, including Plaintiff's own conduct.

15.     BAC denies that Plaintiff's damages were proximately caused by the BAC.

16.     Plaintiff failed to mitigate his damages

17.     Defendant pleads judicial estoppel.

18.     Defendant pleads equitable estoppel.

19.     Defendant pleads acquiescence.

20.     Defendant pleads ratification.

21.     Without waiving any of the foregoing defenses, Defendant states that if a violation of the FDCPA was committed, it was unintentional and a bona fide error.

22.     Plaintiffs are not entitled to equitable relief as the Plaintiffs have not suffered irreparable harm and have adequate remedies of law.

23.     Plaintiff has suffered no damages.

24.     BAC denies that it is guilty of any conduct which entitles Plaintiff to recover punitive damages.

25.     Plaintiff is barred from recovering punitive damages in excess of those limits established by Ala. Code § 6-11-21 (1975), as amended.

26.     Plaintiff is not entitled to recover punitive damages pursuant to Ala. Code § 6-11-20 and § 6-11-30 (1975), and thereby any claim for such damages is barred.

27.     Any award of punitive damages to Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

28.     Any award of punitive damages to Plaintiff in this case will be violative of the procedural safeguards provided to BAC under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature, and consequently, BAC is entitled to the same procedural safeguards accorded to criminal defendants.

29.     Plaintiff's claim for punitive damages cannot be upheld based on all grounds that the United States Supreme Court in *BMW v. Gore*, 116 S. Ct. 1589 (1996), determined that the provisions of Alabama law governing the right to recover punitive damages

or the determination of the amount of punitive damages violate a defendant's rights provided by the United States Constitution.

30.     Plaintiff is not entitled to mental anguish damages because those damages are remote and metaphysical in nature; they are more sentimental than substantial.  Depending largely upon physical and nervous condition, the suffering of one person would be no test of the suffering of another person under precisely the same circumstances (i.e. mental anguish damages are too subjective).  Mental anguish damages easily fall within all of the objections to speculative damages, which are universally excluded because of their uncertain character.  It is likely that any award of mental anguish damages by a finder of fact would be made to punish BAC and not to compensate Plaintiff.

31.     The imposition of mental anguish damages under the provisions of Alabama law governing the right to recover such damages and the determination of the amount of such damages, without any accompanying physical or bodily injury, would violate the Fifth and Fourteenth Amendments of the Constitution of the United States of America and/or the common law and/or the public policies of the United States of America on the following grounds:

(a)     The procedures pursuant to which such damages are awarded fail to provide specific standards for the award of such damages and/or a reasonable limit on the amount of such damages against a defendant, which would violate BAC's right to due process as guaranteed by the United States Constitution;

(b)     Plaintiff's claims for such damages against BAC cannot be sustained because an award of such damages under Alabama law is subject to no predetermined limit nor any guidelines of any sort on the amount of such damages that a jury may impose, in

violation of BAC's due process and equal protection rights as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution;

(c)    Plaintiff's claims for such damages against BAC cannot be sustained because an award of such damages under Alabama law would violate BAC's due process rights inasmuch as juries are allowed to award such damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to any actual injury or harm;

(d)    Plaintiff's claims for such damages, and the provisions of Alabama law governing the right to recover such damages and the determination of such damages, are unconstitutionally vague, indefinite, and uncertain, and they would deprive BAC of due process of law;

(e)    Plaintiff's claims for such damages, and the provisions of Alabama law governing the right to recover such damages and the determination of such damages, would cause BAC to be treated differently from other similarly situated persons/entities by subjecting it to liability beyond the actual loss, if any, caused by its conduct, if any, and to liability determined without clearly defined principles, standards, and limits on the amount of such awards;

(f)    The procedures pursuant to which mental anguish damages are awarded would subject BAC to liability for the conduct of others through vicarious liability and/or the non-apportionment of damages among allegedly joint tortfeasors with respect to the respective enormity of their alleged misconduct, in violation of BAC's due process rights under the Fifth and Fourteenth Amendments of the United States Constitution;

(g)    Plaintiff's claims for such damages, and the provisions of Alabama law governing the right to recover such damages and the determination of such damages, would

expose BAC to the risk of indefinable, unlimited liability unrelated to the actual loss, if any, caused by its alleged conduct, creating a chilling effect on BAC's exercise of their right to a judicial resolution of this dispute;

(h)    An award of such damages in this case would constitute a deprivation of property without due process of law; and

(i)    The procedures pursuant to which such damages are awarded are not rationally related to legitimate government interests.

31.    The imposition of mental anguish damages under the provisions of Alabama law governing the right to recover such damages and the determination of the amount of such damages, without any accompanying physical or bodily injury, would violate the Constitution of the State of Alabama and/or the common law and/or public policies of Alabama on the following grounds:

(a)    The procedures pursuant to which such damages are awarded fail to provide specific standards for the amount of an award of such damages and/or to provide a reasonable limit on the amount of such damages against a defendant in violation of BAC's due process rights guaranteed by the Alabama Constitution;

(b)    The procedures pursuant to which such damages are awarded are unconstitutionally vague, indefinite, and uncertain, and they would deprive BAC of due process of law in violation of the Alabama Constitution;

(c)    An award of damages in this case would constitute a deprivation of property without due process of law;

(d)    The procedures pursuant to which such damages are awarded would cause BAC to be treated differently from other similarly situated persons and/or entities

by subjecting it to liability beyond the actual loss or harm, if any, caused by its alleged conduct, and to liability determined without clearly defined principles, standards, and limits on the amount of such awards;

(e)     The procedures pursuant to which such damages are awarded may result in the imposition of different or disparate penalties for the same or similar conduct, which would deny BAC of its rights of equal protection and due process;

(f)     The procedures pursuant to which such damages are awarded would subject BAC to liability for the conduct of others through vicarious liability and/or the non-apportionment of damages among allegedly joint tortfeasors with respect to the respective enormity of their alleged misconduct, in violation of BAC's due process rights and Article I, §§ 1, 6, 13, and 22 of the Alabama Constitution;

(g)     The procedures pursuant to which such damages are awarded would expose BAC to the risk of indefinable, unlimited liability unrelated to the actual loss, if any, caused by its alleged conduct, creating a chilling effect on BAC's exercise of its right to a judicial resolution of this dispute;

(h)     The procedures pursuant to which such damages are awarded are not rationally related to legitimate government interests;

32.     Defendant expressly reserves the right to amend its answer and/or to assert additional affirmative defenses if facts come to light in this matter, so as to warrant the assertion of additional defenses.

WHEREFORE, PREMISES CONSIDERED, Defendant requests this Court deny all the relief requested by Plaintiff.  Defendant further requests such additional and appropriate relief to which it may be entitled.


/s/ Robin L. Beardsley
Robin L. Beardsley
Attorney for BAC Home Loan Servicing LP


OF COUNSEL:
**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:   (205) 930-5278
Fax:   (205) 930-5101

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 23rd day of June, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James Patterson
Underwood & Riemer, P.C.
166 Government Street, Suite 100
Mobile, AL  36602


/s/ Robin L. Beardsley
Of Counsel

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF ALABAMA**

| | |
|---|---|
| **IN RE:** | ) **CHAPTER 13** |
| | ) **CASE NO.: 09-14820-WSS-13** |
| **WILLIAM FORESTER** | ) |
| | ) |
|     **Debtor,** | ) |
| | ) |

_____

| | |
|---|---|
| **WILLIAM FORESTER,** | ) **ADVERSARY PROCEEDING** |
| | ) **NUMBER: AP 10-00052** |
|     **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **BAC Home Loans Servicing, L.P. et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## REPORT OF PARTIES' PLANNING MEETING

    Pursuant to the Fed.R.Bankr.P. 7026(f), the parties have conferred and were represented by the following:

    James D. Patterson, attorney for Plaintiff, William Forester.

    Robin Beardsley, attorney for Defendant, BAC Home Loans Servicing, L.P.

The parties do not request a conference with the court before entry of the scheduling order.

    1.    Plaintiff's brief narrative statement of the facts and the causes of action:

    The claims in this case arise from mismanagement of this mortgage account by BAC Home Loans Servicing, L.P., ("BAC"). Specifically, BAC has falsely claimed that Mr. Forester is in default of the mortgage and falsely instituted a foreclosure proceeding against Mr. Forester. Specifically, BAC has wrongfully handled Mr. Forester's loan. In January 2009, Mr. Forester was approved for the "Home Saver Advance" program, which takes arrearages from the loan and puts them into a 15 year payment plan. In March 2009, Mr. Forester discovered that the modification had not been processed because he received another "Home Saver Advantage" program packet to fill out and return to BAC. BAC falsely stated that Mr. Forester had defaulted on the terms of the mortgage and required that he pay $7,169.70, which he did not owe, in order to reinstate the mortgage and avoid the foreclosure. This bankruptcy proceeding was filed prior to the foreclosure date. Mr. Forester brings claims for wrongful foreclosure, wantonness, negligence, breach of the mortgage

agreement and breach of fiduciary duty.   Mr. Forester seeks actual and punitive damages, including damages for mental anguish and emotional distress.

2.     Defendant BAC's brief narrative statements of the facts and defenses, including affirmative defenses:

Defendant BAC denies any and all claims alleged by Plaintiff in the above styled adversary proceeding.  BAC further re-states each and every affirmative defense plead in the Answer to the Plaintiff's Complaint as Amended.    There is a factual dispute over the Plaintiff's acceptance into the HomeSaver program and the timing of events related to the HomeSaver program.  The Plaintiff was admittedly in default on the subject loan.  The Plaintiff applied for the HomeSaver Advance program in July 2009, but the program was cancelled in September 2009 because BAC was unable to retrieve documents from the Plaintiff that were necessary for completion of the investor's review of the HomeSaver Advance program.  The documents needed were the hardship letter and the HomeSaver Advance documents needed to be signed.  During September, BAC made multiple attempts to contact the Plaintiff to retrieve the missing documents.  BAC never received the necessary documents to complete the HomeSaver Advance program.  BAC proceeded with initiating foreclosure proceedings and states that all actions taken by BAC were pursuant to the terms of the mortgage and were in compliance with the law.   BAC acted in good faith, reasonably, justifiably and pursuant to BAC's lawful rights.   The Plaintiff's claims are barred by the statute of frauds and parol evidence rule.   Additionally BAC denies that the Plaintiff is entitled to any damages or relief requested in this matter.

3.     This action should be ready for trial by December 1, 2010 and at this time is expected to take approximately two (2) days.

4.     The parties request a pretrial conference in **November 2010**.

5.     Discovery Plan.

The parties expect to conduct discovery in the following areas:
-All matters related to the subject mortgage;
-All matters relating to the allegations made in the Complaint.
-All matters related to defenses asserted by BAC Home Loans Servicing, L.P.;
-All matters relating to the parties' discovery responses and documents produced.
-All matters related to the damages suffered by Plaintiff.

6.     All discovery will be commenced in time to be completed by **September 1, 2010**.

7.     Initial Disclosures. The parties will exchange within ten (10) days after the date of this report, the information required by Fed. R. Civ. P. 26(a)(1).

8.     The parties request until **August 1, 2010** to join additional parties and amend the

pleadings.

9.    Reports from retained experts under Rule 26(a)(2) due:

from Plaintiff by **August 1, 2010**.

from Defendants by **August 15, 2010**.

10.    Pretrial Disclosures.  Final lists of witnesses and exhibits under Rule 26(a)(3) due by **October 29, 2010.**

11.    Discovery Limits.

- Maximum of 30 interrogatories by each party to any other party. Responses due 30 days after service.

- Maximum of 5 depositions by each party, each deposition limited to maximum of 8 hours unless extended by agreement of parties.

- Maximum of 30 requests for admission by each party to any other party. Responses due 30 days after service.

- Maximum of 30 (total) requests for production of documents by each party to any other party.  Responses due 30 days after service.

12.    All potentially dispositive motions filed by **September 1, 2010**.

13.    Settlement cannot be evaluated at this time and may be enhanced by use of the following alternative dispute resolution procedure: Mediation.

14.    The parties anticipate significant electronic discovery issues; the disclosure or discovery of electronically stored information (ESI) should be handled as follows: The production of ESI should be done in .PDF format.

If any party withholds information claiming a privilege or protections as trial preparation material, that party must make the claim expressly and shall describe the nature of the documents, communications or things not produced or disclosed which will enable the other party to assess the applicability of the privilege or protection.

The parties agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleading or other papers may be served sending such documents by email to the primary and/or secondary email addresses listed below (or any updated email address provided to all counsel or records).  The parties also agree, upon request, to promptly (no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email. The format to be used for attachment to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf).  If an error or delayed delivery message is received by the sending party that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other

papers by other authorized means.

Date: July 16, 2010

/s/ James D. Patterson_____
**JAMES D. PATTERSON (PATTJ6485)**

**OF COUNSEL:**
**UNDERWOOD & RIEMER, P.C.**
**166 Government Street, Suite 100**
**Mobile AL 36602**
**Phone:   251.432.9212**
**Fax:        251.433.7172**
**jpatterson@alalaw.com**

/s/ Robin L. Beardsley_____
**ROBIN L. BEARDSLEY (BEA066)**

**OF COUNSEL:**
**Sirote & Permutt, P.C.**
**2311 Highland Ave.**
**Birmingham AL 35205**
**Phone: (205) 930-5242**
**rbeardsley@sirote.com**

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF ALABAMA**

IN RE:                                   ) CHAPTER 13
                                         ) CASE NO.: 09-14820-WSS-13
WILLIAM FORESTER                         )
                                         )
    Debtor,                            )
                                         )
_____)
WILLIAM FORESTER,                        ) ADVERSARY PROCEEDING
                                         ) NUMBER: AP 10-00052
    Plaintiff,                         )
                                         )
vs.                                      )
                                         )
BAC Home Loans Servicing, L.P. f/k/a     )
Countrywide Home Loans Servicing, L.P.   )
And A through Z, being those persons or  )
entities who are responsible for the     )
wrongful acts and omissions alleged      )
herein by whose names are not known to   )
Plaintiffs, but will be supplied when    )
ascertained,                             )
                                         )
    Defendants.                        )

## MOTION FOR ORDER COMPELLING COMPLIANCE
## WITH PLAINTIFF'S DISCOVERY REQUESTS TO DEFENDANT

COMES NOW the Plaintiff, by and through the undersigned and moves this Court for an order compelling Defendant BAC Home Loans Servicing, L.P., to answer Plaintiff's First Set of Interrogatories and Request for Production of Documents. Plaintiff has received partial responses from Defendant to his interrogatories and requests for production. Plaintiff has attempted to obtain meaningful responses to this discovery without court intervention as described below:

1.    This Complaint was filed on May 25, 2010, and involves wrongful foreclosure.

2.    On August 5th 2010, Plaintiff served his First Interrogatories and First Set of Request for Production on Defendant.

3.      On August 31, 2010, Defendant corresponded by email to Plaintiff's counsel stating that the discovery responses would be forth coming by week's end.

4.      On September 3, 2010, Defendant corresponded by email to Plaintiff's counsel stating that the discovery responses would be finalized soon but requested a 14 day extension due to the Labor Day holiday.

5.      Plaintiff's counsel agreed to a 10 day extension.

6.      Plaintiff's counsel received an email on September 21, 2010, stating that Defendant's counsel was working with her new contact at BAC to complete the discovery.

7.      Plaintiff's counsel responded by email with a request for the discovery responses to be produced the following day to prevent court intervention.

8.      Defendant's counsel responded by email stating that Plaintiff's counsel would receive as much discovery as possible on the following Monday, September 27, 2010.

9.      On September 27, 2010, Plaintiff's counsel received a total of 58 documents in response to Plaintiff's discovery requests. However, Plaintiff's counsel has not received answers to the interrogatories and request for production propounded upon the Defendant.

10.      On September 29, 2010 Plaintiff's counsel emailed Defendant's counsel and asked for the remaining discovery responses immediately or a a motion to compel would be filed with the court the following week.

11.      As of the date of this motion, Plaintiff has received no response from Defendant concerning the outstanding remaining discovery.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an order compelling Defendant to fully answer said discovery within a reasonable amount of time as determined by the Court or suffer appropriate sanctions.

Respectfully Submitted this the 6th day of October, 2010.

/s/ James D. Patterson_____
**JAMES D. PATTERSON (PAT068)**
**Attorney for Plaintiff**

**UNDERWOOD & RIEMER, P.C.**
**166 Government Street, Suite 100**
**Mobile AL 36602**
**Phone:   251.432.9212**
**Fax:        251.433.7172**
**jpatterson@alalaw.com**

## CERTIFICATE OF SERVICE

I hereby certify that on October 6th, 2010, I electronically filed the foregoing with the Clerk of the Court using the Alafile system, which will send notification of such filing to all counsel of record.

**Robin  Leight Beardsley**
**Sirote & Permutt, P.C.**
**2311 Highland Ave.**
**Birmingham AL 35205**

/s/ James D. Patterson_____
James D. Patterson, Esq.

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) CASE NO.: 09-14820-WSS-13 |
| **WILLIAM FORESTER** | ) |
| | ) |
| Debtor, | ) |
| | ) |

| | |
|---|---|
| **WILLIAM FORESTER,** | ) ADVERSARY PROCEEDING |
| | ) NUMBER: AP 10-00052 |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| **BAC Home Loans Servicing, L.P. f/k/a** | ) |
| **Countrywide Home Loans Servicing, L.P.** | ) |
| **et al.,** | ) |
| | ) |
| Defendants. | ) |

### ORDER

This matter came before the Court on October 26, 2010 on Plaintiff's Motion to Compel BAC Home Loans Servicing, L.P., seeking an order compelling Defendant BAC Home Loans Servicing, L.P., to answer Plaintiff's First Set of Interrogatories and Request for Production of Documents. Appearances were noted in the record. The court is of the opinion that the Plaintiff's Motion is due to be granted and the Defendant, BAC Home Loan Servicing, L.P. has twenty-one (21) days from the date of the hearing to comply with Plaintiff's discovery requests or face appropriate sanctions.

Dated:   November 4, 2010

*William S. Shulman*
WILLIAM S. SHULMAN
U.S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | **CHAPTER 13** |
| | ) | **CASE NO.: 09-14820-WSS-13** |
| **WILLIAM FORESTER** | ) | |
| | ) | |
| **Debtor.** | ) | |

_____

| | | |
|---|---|---|
| **WILLIAM FORRESTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ADVERSARY PROCEEDING** |
| | ) | **NUMBER: AP 10-00052** |
| **BAC Home Loans Servicing, L.P. f/ka** | ) | |
| **Countrywide Home Loans Servicing, L.P.** | ) | |
| **And A through Z, being those persons or** | ) | |
| **Entities who are responsible for the** | ) | |
| **Wrongful acts and omissions alleged** | ) | |
| **herein by whose names are not known to** | ) | |
| **Plaintiffs, but will be supplied when** | ) | |
| **Ascertained,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MOTION TO WITHDRAW

COMES NOW Robin Beardsley Mark, undersigned counsel of record for Defendant BAC Home Loans Servicing, L.P. ("Defendant") in the above styled matter and files this Motion to Withdraw as counsel for Defendant.  In support of this Motion, undersigned counsel states as follows:

1.     On or about October 26, 2010, this Court entered an Order granting the Plaintiff's Motion to Compel responses to outstanding discovery and ordering that Defendant has 21 days from the date of the Order to submit answers to the outstanding discovery.

2.      Counsel for Defendant has informed Defendant of the Court's Order and provided the Defendant with reasonable warning that the lawyer will withdraw unless the obligations to undersigned counsel are fulfilled.

3.      Pursuant to Rule 1.16(b)(4) and (5) of the Alabama Rules of Professional Conduct, undersigned counsel respectfully requests that this Court grant this Motion to Withdraw as counsel for the Defendant.

WHEREFORE PREMISES CONSIDERED undersigned counsel respectfully requests that this Court grant this Motion to Withdraw.

Respectfully submitted this 12th day of November, 2010.

/s/ Robin Beardsley Mark_____
Robin Beardsley Mark
Stephen B. Porterfield
Susannah Walker
**Attorneys for BAC Home Loans Servicing, L.P.**

<u>**OF COUNSEL:**</u>

SIROTE & PERMUTT, P.C.
2311 Highland Avenue South
Birmingham, AL 35205
Telephone:  (205) 930-5100
Facsimile:  (205) 930-5101
Email: rbeardsley@sirote.com

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that I have served a copy of the foregoing pleading on the following counsel in this proceeding by mailing same by Unites States mail, properly addressed and first-class postage prepaid, or through the Court's E-Filing System, this 12<u>th</u> day of November, 2010:

James D. Patterson, Esq.
Underwood & Riemer, P.C.
166 Government Street, Suite 100
Mobile, AL 36602


          /s/ Robin Beardsley Mark_____
          **OF COUNSEL**

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | CASE NO.: 09-14820-WSS-13 |
| WILLIAM FORESTER | ) | |
| | ) | |
| Debtor. | ) | |
| WILLIAM FORESTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADVERSARY PROCEEDING |
| | ) | NUMBER: AP 10-00052 |
| BAC Home Loans Servicing, L.P. f/k/a | ) | |
| Countrywide Home Loans Servicing, L.P., | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

Plaintiff and Defendant respectfully request the entry of the Protective Order attached hereto.  In support of this motion, the parties state as follows:

1.      In order to permit the Plaintiff to inspect documents containing confidential and proprietary information, a Protective Order is necessary.

2.      Plaintiff and Defendant agree and consent to the entry of the Protective Order in the form attached hereto.

WHEREFORE, the parties respectfully request that this Court enter the attached Protective Order.

Respectfully submitted,

/s/ Kenneth S. Steely
Kenneth S. Steely (STEEK4183)

Kirkland E. Reid (REIDK9451)
Jones, Walker, Waechter, Poitevent,
  Carrere & Denegre, L.L.P.
254 State Street
Mobile, Alabama 36603
(251) 439-7535 - Phone
(251) 433-1001 - Fax
ksteely@joneswalker.com
kreid@joneswalker.com
Attorneys for Defendant BAC Home Loans
Servicing, LP


s/James D. Patterson (with consent)
James D. Patterson, Esq.
Underwood & Riemer, P.C.
166 Government Street, Suite 100
Mobile, AL  36602
Attorney for Plaintiff

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | **CHAPTER 13** |
| | ) | **CASE NO.: 09-14820-WSS-13** |
| **WILLIAM FORESTER** | ) | |
| | ) | |
| Debtor, | ) | |
| | ) | |
| **WILLIAM FORESTER,** | ) | **ADVERSARY PROCEEDING** |
| | ) | **NUMBER: AP 10-00052** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BAC Home Loans Servicing, L.P., et al, | ) | |
| | ) | |
| Defendants. | ) | |

## PROTECTIVE ORDER

---

This cause is before the Court on the Parties' Joint Motion for Entry of Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. The Court finds that the motion is due to be and is hereby **GRANTED**. Accordingly, it is hereby **ORDERED** that:

1. Any party may designate any documents, discovery responses or deposition testimony, or appropriate portions thereof, produced by it in this lawsuit which it deems to contain confidential, private, trade secret or proprietary business information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY." Any document or discovery response designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" by any party shall be subject to the terms of this Order unless otherwise ordered by the Court. Documents and materials designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," and any information contained therein or

obtained therefrom (including abstracts or summaries of such information), shall be referred to herein as "Protected Material."   A designating party must take care to designate as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" only those parts of material, documents, items or oral or written communications that qualify -- so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

      2.      No Protected Material shall be used for any purpose by the parties to this action, their agents and/or employees, except in connection with this litigation, nor delivered, exhibited or disclosed to any person except: (1) the Court (in accordance and subject to paragraph 6 below); (2) in the course of depositions in this action; (3) the parties' attorneys of record in this action and such attorneys' employees; (4) experts as may be retained by the parties in this action or by their attorneys of record to assist in the preparation and trial of this action; (5) the parties and employees of the parties in this action; (6) any witness or person to whom testimony or evidence is required to be given pursuant to subpoena or other legal process in this action; and (7) any person to whom disclosure is ordered by the Court or agreed to by the parties.

      3.      In addition to the restrictions of Paragraph 2, use or disclosure of Protected Material that has been designated by the producing party as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall be further restricted as follows:   Protected Material that has been designated by the producing party as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall be shared only with: (1) the receiving party's outside counsel and said counsel's employees; (2) the Court or court personnel, including stenographic reporters, etc., engaged in such proceedings as are necessarily incident to the preparation for trial (e.g., depositions and hearings) and/or trial of this action (in accordance with and subject to paragraph 6 bellow); and (3) a

reasonable number of the receiving Party's independent outside experts, the disclosure to whom must be reasonably necessary to assist counsel for said Party in the preparation for trial and/or trial of this action (after said expert(s) have executed a written acknowledgement of their obligations under this Order as provided in paragraph 8).  Such disclosure is permissible only to the extent necessary to render legal advice and provide legal representation, as well as to report on the progress of the lawsuit.

4.     Protected Material shall be used solely for purposes of preparation and trial of this lawsuit, and shall not be disclosed by either party or its counsel or any person acting on behalf of or for either party or its counsel, for any purpose whatsoever other than the preparation and trial of this action and any appeal which may ensue.

5.     Nothing in this Order shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

6.     Without written permission from the designating party, or the Court secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Protected Material that has been produced to it pursuant to this Order.  If, with the permission of the designating party or Court approval, a copy of all or a portion of any Protected Material is filed with the Court, it shall be sealed in an envelope marked "DO NOT OPEN-SUBJECT TO PROTECTIVE ORDER" on the outside.  Said envelope shall not be opened except by order of the trial judge or agreement of the parties and their attorneys.

7.     Any document or any pleading, paper or discovery which has been filed under seal pursuant to paragraph 6 of this Order shall be kept by the Clerk under seal and shall be made available only to the Court and persons authorized by the terms of this Order to have access

thereto.  The party filing any such document shall be responsible for informing the Clerk of the Court that it is subject to the terms of this Order.

8.     All persons who are provided with Protected Material in accordance with paragraphs 2 or 3 of this Order, including any experts, consultants, accountants and other third parties expressly retained by counsel as previously described, shall be subject to the terms and provisions of this Order and shall be required to execute a written acknowledgement that they have read and understand the terms of this Order prior to being provided any Protected Material. Counsel for the party disclosing the Protected Material shall advise any such persons of the terms and conditions contained herein.

9.     Nothing herein shall be construed or applied to affect the rights of any party to discovery under the Federal Rules of Civil Procedure, or to assert any objection, or to prohibit any party from seeking such further provisions or relief as it deems necessary or desirable regarding this Order, including, but not limited to an order that discovery not be had.  Nothing in this Order shall prevent any party from objecting to discovery which it believes to be otherwise improper, and nothing in this Order shall be deemed a waiver of any party's right to oppose production or introduction at trial of any information or document for any reason.

10.     Any party may by motion seek review by the Court of any other party's "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation.

        a.     Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by

electing not to mount a challenge promptly after the original designation is disclosed.

b.      A party that elects to initiate a challenge to a designating party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice or face to face dialogue, other forms of communications are not sufficient) with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, or reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the designation.  A challenging party may file a motion challenging another party's confidentiality designation only if it has engaged in this meet-and-confer process first, and the motion must certify that the challenging party has complied with this requirement.

c.      The burden of persuasion in any such challenge shall be on the party designating material as confidential.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the protection to which Protected Material is otherwise entitled under this Order.

11.      Within thirty (30) days following the conclusion of this litigation, whether by judgment, settlement, or otherwise, the parties and their attorneys shall assemble all copies of Protected Material provided to them by any other party pursuant to this Protective Order, including those distributed to experts or other third parties and any copies, abstracts or summaries of such materials, and return all such copies of those documents and materials to

counsel for the party producing same, unless otherwise agreed to by the parties or ordered by the Court.

12.     Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court order directs otherwise.

13.     Counsel for each party shall take reasonable precautions with regard to storage, custody, and use to prevent the unauthorized or inadvertent disclosure of any Protected Material.

14.     If a party who has received Protective Material is served with a subpoena or an order issued in other litigation that would compel disclosure of any Protected Material, the receiving party must so notify the designating party, in writing (by fax, if possible) immediately and in no event more than seven days after receiving the subpoena or order.  The receiving party must also immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order and deliver a copy of this Protective Order to the party that caused the subpoena or order to issue.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

15.     If a party who has received Protected Material learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the receiving party must immediately: (a) notify in writing the designating party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; and (c) inform the person or persons to whom unauthorized disclosures were made of all terms of this Order.

16.     Any party who knowingly or willfully discloses Protected Material in violation of this Order shall be subject to sanctions for contempt of this Order to be determined in the discretion of the Court, including without limitation the assessment of costs, fees and/or monetary sanctions as may be necessary or appropriate to compensate the injured party for the unlawful disclosure, to remedy the violation, or to deter future knowing or willing violations, the dismissal of some or all claims or defenses asserted by the violating party, or such other sanctions as the Court may determine to be appropriate.

17.     No party shall be foreclosed by this Protective Order from seeking modification of this Order by agreement of the parties or by application to this Court.

18.     This Protective Order shall not affect the authenticity or admissibility into evidence of confidential material that is otherwise authenticated or admissible.

**DONE** and **ORDERED** this _____ day of _____, 2011.


_____
WILLIAM S. SHULMAN
U.S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) CASE NO.: 09-14820-WSS-13 |
| WILLIAM FORESTER | ) |
| | ) |
| Debtor, | ) |
| | ) |

| | |
|---|---|
| WILLIAM FORESTER, | ) ADVERSARY PROCEEDING |
| | ) NUMBER: AP 10-00052 |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BAC Home Loans Servicing, L.P. f/k/a | ) |
| Countrywide Home Loans Servicing, L.P. | ) |
| And A through Z, being those persons or | ) |
| entities who are responsible for the | ) |
| wrongful acts and omissions alleged | ) |
| herein by whose names are not known to | ) |
| Plaintiffs, but will be supplied when | ) |
| ascertained, | ) |
| | ) |
| Defendants. | ) |

## MOTION FOR WITHDRAWAL OF REFERENCE

COMES NOW the debtor by and through his counsel of record, and hereby moves this Court to withdraw the reference, of 28 U.S.C. § 157(a), pursuant to 28 U.S.C. § 157(d). In support of this motion shows as follows:

1.  The Debtor filed a Chapter 13 case on October 15th 2009.

2.  This adversary proceeding was commenced by the Plaintiff/Debtor on May 19th 2010.

3.  His Chapter 13 case was dismissed on February 23rd 2011.

4.  The complaint alleges, among other things, that the defendant breached a loan modification agreement it made with the debtor and engaged in debt collection practices that

violate 15 U.S.C § 1602 et seq., also known as the Federal Fair Debt Collection Practices Act. He seeks monetary damages and attorney's fees.

5.      28 U.S.C. § 157(b)(1) provides that bankruptcy judges "may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section . . . " 28 U.S.C. § 157(b)(2) includes a non-exclusive listing of core proceedings specifically within the jurisdiction of the bankruptcy court.

6.      Pursuant to 28 U.S.C. § 157(d), the district court has the discretion to withdraw a proceeding from the bankruptcy court upon a showing of cause.  Section 157(d) further provides that "[t]he district court **shall** on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." (Emphasis added).

7.      The Court is required to withdraw the reference in this case because the resolution of the debtor's claims requires consideration of non-bankruptcy related federal statutes. Moreover, even were the Court not required to withdraw the reference pursuant to § 157(d)'s mandatory withdrawal provision, withdrawal is compelled by the discretionary withdrawal provisions of § 157(d).

8.      Since the debtor's underlying chapter 13 case has been dismissed the Court's interests in promoting the efficient use of judicial resources and the resources of the parties are best served by the withdrawal of this matter and its orderly administration in the District Court.

9.      Further, upon withdrawal of the reference, the parties move the Court to hold a status conference so that this case can be fully discussed with the Court, including the parties' intentions and other scheduling matters.

WHEREFORE, the debtor moves this Court to withdraw the reference of 28 U.S.C. § 157(a) and to transfer this adversary proceeding to the United States District for the Southern District of Alabama.

s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr. (UNDEE6591)
Counsel for the Howards
UNDERWOOD & REIMER, P.C.
21 South Section Street
Fairhope, Alabama  36532
Tel:  251.990.5558
Fax:  251.990.0626
epunderwood@alalaw.com

## CERTIFICATE OF SERVICE

I hereby certify on March 1st 2011 that a true and correct copy of the above and foregoing was filed with the CM/ECF system which will cause a copy to be served on all counsel of record.

      _s\Earl P. Underwood, Jr._____
      OF COUNSEL

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

WILLIAM J. FORESTER,                                    CASE NO. 09-14820-WSS

    Debtor.                                                Chapter 13

_____

WILLIAM J. FORESTER,

    Plaintiff,

v.                                                      ADV. PROC. NO. 10-00052

BAC HOME SERVICING, et al.

    Defendants.

### ORDER TO SHOW CAUSE

James D. Patterson, Counsel for the Plaintiff
Kenneth S. Steely and Kirkland Reid, Counsel for the Defendant

This matter came before the Court on the Defendant's motion for protective order.  The court's record indicates that the Court dismissed the administrative case, Case Number 09-14820, on February 23, 2011.  The Court finds that the parties should appear and show cause on March 22, 2011 why this Court should not abstain under 28 U.S.C. § 1334(c)(1) from hearing the above-styled adversary based on the dismissal of the administrative case.  It hereby

**ORDERED** that the parties **SHOW CAUSE** before this Court at the United States Bankruptcy Courthouse, Courtroom One, 201 Saint Louis Street, Mobile, Alabama, on **Tuesday, March 22, 2011 at 8:30 a.m.**  why this Court should not abstain under 28 U.S.C. § 1334(c)(1) from hearing the above-styled adversary based on the dismissal of the administrative case.

Dated:   March 2, 2011

*William S. Shulman*
WILLIAM S. SHULMAN
U.S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In Re

WILLIAM JAMES FORESTER                              Case No. 09-14820-WSS-13

     Debtor.

WILLIAM J. FORESTER
     Plaintiff(s).

V.                                                  Adv. No.10-00052

BAC HOME SERVICING

     Defendant(s).

TO:   CHARLES R. DIARD, JR., CLERK                    mc 11-7-CG-B
      UNITED STATES DISTRICT COURT
      MOBILE, ALABAMA

     Transmitted with this communication is the Motion for Withdrawal of Reference

Pursuant to 28 U.S.C. Section 157 (d).  These documents will be filed electronically after the

opening of the case.


     Dated:  March 16, 2011


                                   /s/ Karen J. Folds
                                   Karen J. Folds
                                   Deputy Clerk

cc:

**Earl P. Underwood, Jr.**     **James D. Patterson**
21 South Section Street      21 South Section Street
Fairhope, AL 36532-2106    Fairhope, AL 36532
Attorney for Plaintiff       Attorney for Plaintiff


**Kenneth S. Steely**        **Kirkland Reid**
254 State St.             254 State St.
Mobile, AL 36603        Mobile, AL 36603
Attorney for Defendant     Attorney for Defendant

**cmp**

# U.S. Bankruptcy Court
## Southern District of Alabama (Mobile)
## Adversary Proceeding #: 10-00052
### Internal Use Only

*Assigned to:* BANKRUPTCY JUDGE WILLIAM S. SHULMAN   *Date Filed:* 05/19/10
*Lead BK Case:* 09-14820
*Lead BK Title:* William James Forester
*Lead BK Chapter:* 13
*Demand:*

*Nature[s] of Suit:*  02 Other

### Plaintiff
-----------------------
**William J. Forester**
15030 Butler Rd
Wilmer, AL 36587

represented by **Earl P. Underwood, Jr.**
21 South Section Street
Fairhope, AL 36532-2106
(251)990-5558
Fax : (251)990-0626
Email: epunderwood@gmail.com

**James D. Patterson**
21 South Section Street
Fairhope, AL 36532
(251)990-5558
Fax : (251)990-0626
Email: jpatterson@alalaw.com

V.

### Defendant
-----------------------
**BAC Home Servicing**
c/o C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

represented by **Kenneth S. Steely**
254 State Street
Mobile, AL 36603
251-439-7535
Fax : 251-433-1001
Email: ksteely@joneswalker.com

**Kirkland Reid**
Jones Walker
254 State St.
Mobile, AL 36603-6474
432-1414

Fax : 433-1001
Email: kreid@joneswalker.com

**Robin L. Beardsley**
2311 Highland Avenue South
Birmingham, AL 35205
(205) 930-5242
Fax : (205) 930-5101
Email: rbeardsley@sirote.com
*TERMINATED: 11/15/2010*

| Filing Date | # | Docket Text |
|---|---|---|
| 05/19/2010 | 🌐 1 | Adversary case 10-00052. Complaint by William J. Forester against BAC Home Servicing. (02 (Other)). (Patterson, James) (Entered: 05/19/2010) |
| 05/20/2010 | 🌐 | Notice to Correct: Attorney did not sign Complaint. Attorney to amend and refile. (related document(s)1 Complaint filed by William J. Forester) (Folds, Karen) (Entered: 05/20/2010) |
| 05/25/2010 | 🌐 2 | Amended Complaint *Third Amended Complaint* by James D. Patterson on behalf of William J. Forester against BAC Home Servicing. (related document(s)1 Complaint filed by William J. Forester) (Patterson, James) (Entered: 05/25/2010) |
| 05/25/2010 | 🌐 3 | Amended Complaint by James D. Patterson on behalf of William J. Forester against BAC Home Servicing. (related document(s)1 Complaint filed by William J. Forester, 2 Amended Complaint filed by William J. Forester) (Folds, Karen) (Entered: 05/25/2010) |
| 05/27/2010 | 🌐 4 | **Scheduling Order Signed on 5/27/2010 (related document(s) 1 Complaint filed by William J. Forester, 2 Amended Complaint filed by William J. Forester, 3 Amended Complaint filed by William J. Forester) Discovery due by 9/7/2010. Trial date set for 8/17/2010 at 10:00 AM at Courtroom 1, 201 St. Louis St., Mobile, AL 36602. Pre-Trial Order due by 8/3/2010.** (Smith, Sue) (Entered: 05/27/2010) |
| 05/27/2010 | 🌐 5 | Summons Issued on BAC Home Servicing Date Issued 5/27/2010, Answer Due 6/28/2010. (Smith, Sue) (Entered: 05/27/2010) |
| 06/23/2010 | 🌐 6 | Answer to Complaint *(Answer to Third Amended Complaint)* Filed by BAC Home Servicing (Beardsley, Robin) (Entered: 06/23/2010) |

| 07/16/2010 | 🌐7 | Notice RE: *Report of Parties' Planning Meeting* Filed by William J. Forester (Patterson, James) (Entered: 07/16/2010) |
|---|---|---|
| 09/03/2010 | 🌐8 | **Pretrial Order Signed on 9/3/2010. A TELEPHONIC STATUS CONFERENCE shall be held on Tuesday, September 14,2010 at 2:00 p.m. (related document(s)7 Notice filed by William J. Forester)** (Folds, Karen) (Entered: 09/03/2010) |
| 09/05/2010 | 🌐9 | BNC Certificate of Mailing (related document(s)8 No action taken on Order) Service Date 09/05/2010. (Admin.) (Entered: 09/05/2010) |
| 09/14/2010 | 🌐 | **Minute Entry: H:8/17/10. (related document(s)1 Complaint filed by William J. Forester. Pretrial order to be issued. O:Court. (Jemison, Angie) (Entered: 09/14/2010)** |
| 09/20/2010 | 🌐 | **Minute Entry: H:9/16/10. Status hearing:(related document(s)1 Complaint filed by William J. Forester. Status hearing Continued to 10/29/2010 at 02:00 PM at Judge's Conference Room. Court to issue new pretrial. O:Court. (Jemison, Angie) (Entered: 09/20/2010)** |
| 09/21/2010 | 🌐10 | **Amended Order Signed on 9/21/2010. A TELEPHONIC STATUS CONFERENCE shall be held on Friday, October 29,2010 at 2:00 p.m. (related document(s)8 No action taken on Order)** (Folds, Karen) (Entered: 09/21/2010) |
| 09/23/2010 | 🌐11 | BNC Certificate of Mailing (related document(s)10 Amended Order) Service Date 09/23/2010. (Admin.) (Entered: 09/24/2010) |
| 10/06/2010 | 🌐12 | Motion to Compel *Discovery* Filed by William J. Forester (Patterson, James) (Entered: 10/06/2010) |
| 10/07/2010 | 🌐13 | Notice of Hearing Set On (related document(s)12 Motion to Compel filed by William J. Forester) Hearing scheduled for 10/26/2010 at 08:30 AM at Courtroom 1, 201 St. Louis St., Mobile, AL 36602. (Jemison, Angie) (Entered: 10/07/2010) |
| 10/09/2010 | 🌐14 | BNC Certificate of Mailing (related document(s)13 Hearing (Bk)) Service Date 10/09/2010. (Admin.) (Entered: 10/09/2010) |
| | | **Minute Entry: A:10/26/10. (related document(s)12 Motion to Compel filed by William J. Forester. Motion granted. Defendants have 21 days to answer. O:Patterson. A:Patterson, Walker. Status hearing set on 10/29/10 at 2:00** |

| | | |
|---|---|---|
| 10/26/2010 | ● | **pm has been reset to a later date.** Order due by 11/9/2010. (Jemison, Angie) (Entered: 10/26/2010) |
| 11/04/2010 | ● 15 | **Order Granting Motion To Compel (Related Doc # 12) Signed on 11/4/2010.** (Folds, Karen) (Entered: 11/04/2010) |
| 11/06/2010 | ● 16 | BNC Certificate of Mailing (related document(s)15 Order on Motion to Compel) Service Date 11/06/2010. (Admin.) (Entered: 11/06/2010) |
| 11/12/2010 | ● 17 | Motion to Withdraw as Attorney Filed by BAC Home Servicing (Beardsley, Robin) (Entered: 11/12/2010) |
| 11/17/2010 | ● 18 | Notice of Hearing Set On (related document(s)17 Motion to Withdraw as Attorney filed by BAC Home Servicing) Hearing scheduled for 12/7/2010 at 08:30 AM at Courtroom 1, 201 St. Louis St., Mobile, AL 36602. (Jemison, Angie) (Entered: 11/17/2010) |
| 11/17/2010 | ● 19 | Notice of Appearance and Request for Notice by Kenneth S. Steely Filed by on behalf of BAC Home Servicing (Steely, Kenneth) (Entered: 11/17/2010) |
| 11/17/2010 | ● 20 | Notice of Appearance and Request for Notice by Kirkland Reid Filed by on behalf of BAC Home Servicing (Reid, Kirkland) (Entered: 11/17/2010) |
| 11/19/2010 | ● 21 | BNC Certificate of Mailing (related document(s) 18 Hearing (Bk)) Notice Date 11/19/2010. (Admin.) (Entered: 11/20/2010) |
| 12/08/2010 | ● | **Minute Entry: H:12/7/10. Order Granting Motion To Withdraw As Attorney (Related Doc # 17)** (Jemison, Angie) (Entered: 12/08/2010) |
| 01/10/2011 | ● 22 | Notice of Status Hearing Set On (related document(s)1 Complaint filed by William J. Forester) Status Hearing scheduled for 2/8/2011 at 08:30 AM at Courtroom 1, 201 St. Louis St., Mobile, AL 36602. (Jemison, Angie) (Entered: 01/10/2011) |
| 01/12/2011 | ● 23 | BNC Certificate of Mailing (related document(s) 22 Hearing (Bk)) Notice Date 01/12/2011. (Admin.) (Entered: 01/13/2011) |
| | | **Minute Entry: Status Hearing Date: 2/8/2011. (related document(s)1 Complaint filed by William J. Forester, 3 Amended Complaint filed by William J. Forester) Status hearing continued to 3/29/2011 at 08:30 AM at Courtroom** |

| | | |
|---|---|---|
| 02/08/2011 | 🌐 24 | **1, 201 St. Louis St., Mobile, AL 36602. Appearances: Patterson, Steely.** (Jemison, Angie) (Entered: 02/08/2011) |
| 02/08/2011 | 🌐 25 | Joint Motion for Protective Order Filed by BAC Home Servicing (Attachments: # 1 Protective Order) (Steely, Kenneth) (Entered: 02/08/2011) |
| 02/14/2011 | 🌐 26 | Notice of Hearing Set On (related document(s)25 Motion for Protective Order filed by BAC Home Servicing) Hearing scheduled for 3/1/2011 at 08:30 AM at Courtroom 1, 201 St. Louis St., Mobile, AL 36602. (Jemison, Angie) (Entered: 02/14/2011) |
| 02/16/2011 | 🌐 27 | BNC Certificate of Mailing (related document(s) 26 Hearing (Bk)) Notice Date 02/16/2011. (Admin.) (Entered: 02/16/2011) |
| 03/01/2011 | 🌐 28 | **Minute Entry: Hearing Date: 3/1/2011. (related document(s) 25 Motion for Protective Order filed by BAC Home Servicing. Continued to 3/22/2011 at 08:30 AM at Courtroom 1, 201 St. Louis St., Mobile, AL 36602. Appearances: Underwood, Steely. Show Cause to be issued.** (Jemison, Angie) (Entered: 03/01/2011) |
| 03/01/2011 | 🌐 29 | Motion for Withdrawal of Reference . Fee Amount $150 Filed by William J. Forester (Underwood, Earl) (Entered: 03/01/2011) |
| 03/01/2011 | | Receipt of Motion for Withdrawal of Reference(10-00052) [motion,mwdrefad] ( 150.00) Filing Fee. Receipt number 3673270, in the amount of $ 150.00. (U.S. Treasury) (Entered: 03/01/2011) |
| 03/02/2011 | 🌐 30 | **Order to Appear and Show Cause Signed on 3/2/2011 Show Cause hearing to be held on 3/22/2011 at 08:30 AM at Courtroom 1, 201 St. Louis St., Mobile, AL 36602.** (KJF) (Entered: 03/02/2011) |
| 03/04/2011 | 🌐 31 | BNC Certificate of Mailing (related document(s) 30 Order to Show Cause) Notice Date 03/04/2011. (Admin.) (Entered: 03/04/2011) |
| 03/16/2011 | 🌐 32 | Notice RE: *Transmittal Letter filed with District Court (mc 11-7-CG-B) regarding Motion for Withdrawal of Reference* Filed by William J. Forester (related document(s)29 Motion for Withdrawal of Reference filed by William J. Forester) (KJF) Additional attachment(s) added on 3/17/2011 with District Court case number added. (KJF). (Entered: 03/16/2011) |