IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **WILLIAM FORESTER,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No.:   CV-11-00160-CB-G |
| ) | |
| **BAC Home Loans Servicing, L.P. f/k/a** ) | |
| **Countrywide Home Loans Servicing, L.P.** ) | |
| **Et al.,** ) | |
| ) | |
|     **Defendants.** ) | |

### JOINT REPORT OF PARTIES' PLANNING MEETING

1.  Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's order the following attorneys have conferred regarding proposed deadlines in this case and submit the following joint report:

    James D. Patterson               - representing William Forester
    Kenneth Steelye and Kirkland Reid  - representing BAC

2.  **Plaintiff's Brief Narrative Statement of Facts:**

This is a complaint against the Defendants. Plaintiff alleges that the Defendant has committed a wrongful foreclosure violation, has breached the mortgage contract as a result of negligence and wantonness conduct. Plaintiff has applied and been approved for a "HomeSaver Advance" loan modification. Plaintiff sent in the required documentation. A few weeks later, Plaintiff discovered that his paperwork had not been processed as he had received another "HomeSaver Advance" packet to fill out and return. Plaintiff did as instructed and returned the documentation.  A few weeks later, Plaintiff received a letter of Intent to Accelerate. Plaintiff was forced to file bankruptcy in order to protect their home and to recover for damages sustained by the actions taken by the defendant.

{BH073546.1}

**Defendant BAC's Brief Narrative Statement of Facts:**

Plaintiff entered note with Countrywide Home Loans, Inc.  As security for the note Plaintiff executed a mortgage on his property.  BAC serves as the servicing agent for Federal National Mortgage Association ("FNMA") who owns and holds the note and mortgage.  Plaintiff defaulted on the note and BAC, acting under the authority provided by the note and mortgage, initiated foreclosure proceedings.  Upon receiving Plaintiff's notice of bankruptcy, BAC has suspended foreclosure activities pending the outcome of this action.  Defendant continues to investigate the allegations of the Complaint and Plaintiff's loan history.

3. **Initial Disclosures**. The parties shall exchange the information required by Rule 26(a)(1) by April 29th, 2011.

4. **Discovery Plan**. The parties jointly propose the following discovery plan[1]:

    (1) All discovery commenced in time to be completed by January 2nd, 2012.

    (2) Maximum of 8 depositions for the Plaintiff and 8 depositions for each Defendant, with a maximum time limit of 7 hours per deposition, unless extended by agreement of the parties.  These limitations do not include depositions of witnesses designated below in Paragraph 4, Subsection 2, as experts.  Each party is entitled to a deposition of each designated expert, not to exceed 7 hours per deposition, unless extended by agreement of the parties.

    (3) Maximum of 40 Interrogatories by each party, with responses due within thirty days after service.

    (4) Maximum of 20 Requests for Admissions by each party, with responses due within thirty days after service.

    (5) Maximum of 40 Requests for Production by each party, with responses due within thirty days after service.

---

[1] The parties agree, to the extent possible, that service of discovery can be perfected by e-mail and does not have to be followed by duplicative service through regular U. S. mail.  Further, service of pleadings will be perfected upon the filing of the pleading with the court's CM/ECF system, with no party requiring service by U.S. mail.

      (6)      Supplements under Federal Rule of Civil Procedure 26(e) are due 30 days before the close of discovery.

5. **Other Items**.

      (1)      The parties do not request a conference with the Court before entry of the scheduling order.

      (2)      Though the parties do not anticipate significant electronic discovery issues, the disclosure or discovery of electronically stored information (ESI) should be handled as follows:

          a.      The production of ESI should be done in .pdf format.

          b.      If either party withholds information claiming a privilege or protection as trial preparation material, that party must make the claim expressly and shall describe the nature of the documents, communications or things not produced or disclosed which will enable the other party to assess the applicability of the privilege or protection.

          c.      The parties agree to implement the provisions of Rule 26(b)(5)(B) to protect any information produced in discovery that is subject to a claim of privilege or of protection as trial preparation material.

      (3)      Reports from retained experts under Federal Rule of Civil Procedure 26(a)(2) are due from the Plaintiff by October 11th, 2011, and experts shall be made available for deposition by no later than November 13th, 2011. Reports from retained experts from the Defendant are due by November 14th 2011, and any such experts shall be made available for deposition by not later than December 17th, 2011.

      (4)      The parties request a pretrial conference in March 2012.

      (5)      All potentially dispositive motions should be filed by January 31st, 2012.

      (6)      Any motions to amend the pleadings or to join additional parties should be filed within 90 days of the entry of the Court's scheduling order.

      (7)      Settlement of the case is possible, but at this time alternative dispute resolution procedures do not appear to be necessary. If either of the parties believes the use of ADR procedures may be beneficial in resolving this case, the party/ies will so advise the court.

      (8)      Final list of trial witnesses and exhibits under Federal Rule of Civil Procedure 26(a)(3) must be served and filed:

      a.      By the Plaintiff: 30 days before trial; and

      b.      By the Defendant: 30 days before trial.

(9)    Objections are to be filed within 15 days after receipt of final list.

(10)   This case should be ready for trial term beginning April 2011.

(11)   Trial is expected to last 2-3 days.

The attorneys for the parties jointly prepared this Report of the Parties' Planning Meeting. Counsel for Plaintiff and counsel for Defendants have reviewed this report and given permission to the undersigned to file this report electronically with the Court on behalf of the parties.

Respectfully submitted on this, the 15th day of April, 2011.

/s/ James D. Patterson
James D. Patterson (PATTJ6485)

## CERTIFICATE OF SERVICE

I hereby certify that on April 15th 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kenneth S Steely
Jones, Walker, Waechter, Poitevent, Carrerre & Denegre, LLP
254 State St
Mobile AL 36603

/s/ James D. Patterson
**JAMES D. PATTERSON**

{BH073546.1}