IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| WILLIAM FORESTER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.: CV-11-00160-CG-B ) |
| BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P. Et al., | ) ) ) ) |
| Defendants. | ) ) |

**PROTECTIVE ORDER**

This cause is before the Court on the Parties' Joint Motion for Entry of Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. The Court finds that the motion is due to be and is hereby **GRANTED**. Accordingly, it is hereby **ORDERED** that:

1. Any party may designate any documents, discovery responses or deposition testimony, or appropriate portions thereof, produced by it in this lawsuit which it deems to contain confidential, private, trade secret or proprietary business information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY." Any document or discovery response designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" by any party shall be subject to the terms of this Order unless otherwise ordered by the Court. Documents and materials designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," and any information contained therein or obtained therefrom (including abstracts or summaries of such information), shall be referred to herein as "Protected Material." A designating party must take care to designate as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" only those parts of

{MB026136.1}

material, documents, items or oral or written communications that qualify -- so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

2. No Protected Material shall be used for any purpose by the parties to this action, their agents and/or employees, except in connection with this litigation, nor delivered, exhibited or disclosed to any person except: (1) the Court (in accordance and subject to paragraph 6 below); (2) in the course of depositions in this action; (3) the parties' attorneys of record in this action and such attorneys' employees; (4) experts as may be retained by the parties in this action or by their attorneys of record to assist in the preparation and trial of this action; (5) the parties and employees of the parties in this action; (6) any witness or person to whom testimony or evidence is required to be given pursuant to subpoena or other legal process in this action; and (7) any person to whom disclosure is ordered by the Court or agreed to by the parties.

3. In addition to the restrictions of Paragraph 2, use or disclosure of Protected Material that has been designated by the producing party as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall be further restricted as follows:  Protected Material that has been designated by the producing party as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall be shared only with: (1) the receiving party's outside counsel and said counsel's employees; (2) the Court or court personnel, including stenographic reporters, etc., engaged in such proceedings as are necessarily incident to the preparation for trial (e.g., depositions and hearings) and/or trial of this action (in accordance with and subject to paragraph 6 bellow); and (3) a reasonable number of the receiving Party's independent outside experts, the disclosure to whom must be reasonably necessary to assist counsel for said Party in the preparation for trial and/or trial of this action (after said expert(s) have executed a written acknowledgement of their

obligations under this Order as provided in paragraph 8). Such disclosure is permissible only to the extent necessary to render legal advice and provide legal representation, as well as to report on the progress of the lawsuit.

     4.     Protected Material shall be used solely for purposes of preparation and trial of this lawsuit, and shall not be disclosed by either party or its counsel or any person acting on behalf of or for either party or its counsel, for any purpose whatsoever other than the preparation and trial of this action and any appeal which may ensue.

     5.     Nothing in this Order shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

     6.     Without written permission from the designating party, or the Court secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Protected Material that has been produced to it pursuant to this Order. If, with the permission of the designating party or Court approval, a copy of all or a portion of any Protected Material is filed with the Court, it shall be filed in compliance with the Court's requirements for filings under seal.

     7.     Any document or any pleading, paper or discovery which has been filed under seal pursuant to paragraph 6 of this Order shall be kept by the Clerk under seal and shall be made available only to the Court and persons authorized by the terms of this Order to have access thereto. The party filing any such document shall be responsible for informing the Clerk of the Court that it is subject to the terms of this Order.

     8.     All persons who are provided with Protected Material in accordance with paragraphs 2 or 3 of this Order, including any experts, consultants, accountants and other third parties expressly retained by counsel as previously described, shall be subject to the terms and provisions of this Order and shall be required to execute a written acknowledgement that they

have read and understand the terms of this Order prior to being provided any Protected Material. Counsel for the party disclosing the Protected Material shall advise any such persons of the terms and conditions contained herein.

9. Nothing herein shall be construed or applied to affect the rights of any party to discovery under the Federal Rules of Civil Procedure, or to assert any objection, or to prohibit any party from seeking such further provisions or relief as it deems necessary or desirable regarding this Order, including, but not limited to an order that discovery not be had. Nothing in this Order shall prevent any party from objecting to discovery which it believes to be otherwise improper, and nothing in this Order shall be deemed a waiver of any party's right to oppose production or introduction at trial of any information or document for any reason.

10. Any party may by motion seek review by the Court of any other party's "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation.

    a. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    b. A party that elects to initiate a challenge to a designating party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice or face to face dialogue, other forms of communications are not sufficient) with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the

confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, or reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the designation.  A challenging party may file a motion challenging another party's confidentiality designation only if it has engaged in this meet-and-confer process first, and the motion must certify that the challenging party has complied with this requirement.

c.  The burden of persuasion in any such challenge shall be on the party designating material as confidential.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the protection to which Protected Material is otherwise entitled under this Order.

11. Within thirty (30) days following the conclusion of this litigation, whether by judgment, settlement, or otherwise, the parties and their attorneys shall assemble all copies of Protected Material provided to them by any other party pursuant to this Protective Order, including those distributed to experts or other third parties and any copies, abstracts or summaries of such materials, and return all such copies of those documents and materials to counsel for the party producing same, unless otherwise agreed to by the parties or ordered by the Court.

12. Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court order directs otherwise.

13. Counsel for each party shall take reasonable precautions with regard to storage, custody, and use to prevent the unauthorized or inadvertent disclosure of any Protected Material.

14. If a party who has received Protective Material is served with a subpoena or an order issued in other litigation that would compel disclosure of any Protected Material, the receiving party must so notify the designating party, in writing (by fax, if possible) immediately and in no event more than seven days after receiving the subpoena or order. The receiving party must also immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order and deliver a copy of this Protective Order to the party that caused the subpoena or order to issue. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

15. If a party who has received Protected Material learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the receiving party must immediately: (a) notify in writing the designating party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; and (c) inform the person or persons to whom unauthorized disclosures were made of all terms of this Order.

16. Any party who knowingly or willfully discloses Protected Material in violation of this Order shall be subject to sanctions for contempt of this Order to be determined in the discretion of the Court, including without limitation the assessment of costs, fees and/or monetary sanctions as may be necessary or appropriate to compensate the injured party for the unlawful disclosure, to remedy the violation, or to deter future knowing or willing violations, the dismissal of some or all claims or defenses asserted by the violating party, or such other sanctions as the Court may determine to be appropriate.

17. No party shall be foreclosed by this Protective Order from seeking modification of this Order by agreement of the parties or by application to this Court.

18. This Protective Order shall not affect the authenticity or admissibility into evidence of confidential material that is otherwise authenticated or admissible.

**DONE** and **ORDERED** this _____ day of _____, 2011.

_____